UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:11-CR-00061-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| REGGIE ANDRE BECKTON | ) | |
| Defendant | ) | |

This matter is before the court on defendant's *pro se* motion to dismiss and the government's motion to dismiss all defendant's *pro se* pleadings. Because arraignment and trial are set for 5 December 2011 and based on the substance of the motions, the court determines that additional briefing on the motions is unnecessary.

By way of brief background, on 4 May 2011, defendant was charged with two counts of bank robbery. On 22 May 2011, defendant filed a motion for a mental competency evaluation. The court allowed that motion and set defendant's competency hearing for 1 August 2011. On defendant's motions, the court twice continued the competency hearing. On 18 October 2011, defense counsel moved to withdraw based on "a complete breakdown in the attorney-client relationship." (DE # 61.) On 31 October 2011, the court held a hearing regarding defendant's competency and defense counsel's motion to withdraw. The court found defendant competent to proceed with trial and denied defense counsel's motion to withdraw. In open court, defendant filed the instant motion to dismiss. On 3 November 2011, defendant filed a *pro se* "motion to appeal counsel withdraw [sic]," which the Clerk correctly docketed as a notice of appeal from the court's order denying defense counsel's motion to withdraw. (DE # 66.) On 7 November 2011, the government filed the instant motion to dismiss.

At the outset, the court addresses its jurisdiction to rule on the instant motions. This court is not divested of jurisdiction simply because defendant has filed a *pro se* notice of appeal. "Ordinarily, an appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" United States v. Montgomery, 262 F.3d 233, 239 (4th Cir.) (citation omitted), cert. denied, 534 U.S. 1034 (2001). "But this 'divesture of jurisdiction rule is not based upon statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" Id. at 239-40 (citation omitted).

In this case, defendant has not yet been sentenced, and therefore, his appeal is interlocutory. See United States v. Lawrence, 201 F.3d 536, 538 (4th Cir. 2000) ("'[f]inal judgment in a criminal case means sentence. The sentence is the judgment.'" (citations omitted) (alteration in original)). Generally, an appellate court will not exercise jurisdiction over interlocutory appeals. Id. at 537. Under limited circumstances in criminal cases, appellate jurisdiction over such appeals may be exercised pursuant to the collateral order doctrine. Id.

> That doctrine allows appellate jurisdiction for an interlocutory appeal of an order made during the course of litigation that is "related to matters outside the stream of the main action and would not be subject to effective review as part of the final judgment in the action." The decisions falling under the collateral order doctrine are final decisions in a sense because they "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action," and which, if forced to await review until final judgment, will be lost.

Id. (citations omitted). A criminal defendant's appeal from an order denying counsel's motion to withdraw under the circumstances here does not fall within the collateral order doctrine. See

2

United States v. Culbertson, 598 F.3d 40, 48-49 (2d Cir. 2010) (declining to review district court's order denying appointment of new free counsel and noting that a defendant-appellant can vindicate the claim on appeal after final judgment); United States v. Beach, 141 Fed. Appx. 200, 201 (4th Cir. 2005) (dismissing a defendant's *pro se* appeal from the district court's order denying motion to dismiss trial counsel as interlocutory); cf. United States v. Shaw, No. 08-6751, 2009 WL 226030, *1 (4th Cir. Jan. 30, 2009) (exercising jurisdiction over a respondent's interlocutory appeal from the district court's order denying counsel's motion to withdraw in 18 U.S.C. § 4248 proceeding); United States v. Oberoi, 331 F.3d 44, 45, 47 (2d Cir. 2003) (exercising jurisdiction over the Public Defender's interlocutory appeal from the district court's order denying motion to withdraw based on a conflict of interest because the issue cannot be effectively reviewed on appeal); Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999) (recognizing jurisdiction in a civil case over counsel's appeal of the district court's order denying counsel's motion to withdraw because "[t]he injury to a counsel forced to represent a client against his will is [] irreparable, and the district court's decision would be effectively unreviewable upon final judgment"). Given that it is unlikely the Fourth Circuit will exercise jurisdiction over defendant's interlocutory appeal, the court sees no reason to decline to exercise its jurisdiction during the pendency of the appeal. See Montgomery, 262 F.3d at 240-241 & n.3 (noting that the "'dual jurisdiction' rule, which allows a district court to proceed with trial while a defendant pursues a[] double jeopardy appeal, where the district court has concluded that the appeal is frivolous[,]" and citing with approval decisions from other courts applying the dual jurisdiction rule to hold that "the district court had jurisdiction to proceed to trial during an interlocutory appeal under unconventional circumstances").

Turning to the pending motions, the court agrees with the government that, because defendant is represented by counsel, it is appropriate to deny his motion to dismiss filed *pro se*.[1] Thus, to the extent the government seeks dismissal of defendant's motion to dismiss, the government's motion is ALLOWED, and defendant's motion to dismiss is DISMISSED WITHOUT PREJUDICE. However, to the extent the government seeks dismissal of defendant's *pro se* notice of appeal, the government's motion is DENIED as such a motion is more appropriately directed to the Fourth Circuit Court of Appeals.

This 8 November 2011.

                                                W. Earl Britt
                                                Senior U.S. District Judge

---

[1] The court notes that in his motion to dismiss, defendant appears to be complaining about proceedings in state court and references "Section 2254 habeas corpus" and a number of state statutes. To the extent he intends to pursue habeas corpus relief under 28 U.S.C. § 2254, he must do so on the appropriate form, and it is filed as a separate proceeding distinct from this criminal case. See Rules 2 and 3 of the Rules Governing Section 2254 Cases in the United States District Courts; Local Civil Rule 81.2.