IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:11-CR-00061-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| REGGIE ANDRE BECKTON | ) | |

This cause comes before the Court upon Defendant's "Application and Motion for Orders to Produce Medical, Social Services, Educational and Correctional Records of Defendant and Incorporated Memorandum of Law," referred to the undersigned. (DE-152). Defendant has also filed a motion to seal the foregoing motion. (DE-153). The government opposes Defendant's motion (DE-157), and asks the Court to seal its response. (DE-159). Accordingly, the motions are ripe for adjudication. For the reasons stated herein, the motion for orders to produce is denied without prejudice. The motions to seal are granted.

Defendant is charged with bank robbery and aiding and abetting bank robbery. (DE-1). On May 22, 2011, counsel for Defendant requested a psychiatric examination to determine Defendant's competency to proceed and his mental status at the time of the alleged crimes. (DE-32). Forensic psychologist Christina A. Pietz, Ph.D., ABPP, at the U.S. Medical Center for Federal Prisoners evaluated Defendant and completed two separate reports, one addressing competency to proceed, the other addressing Defendant's sanity at the time of the alleged offense. (DE-62). In Dr. Pietz's opinion, Defendant was

1

competent to stand trial and did not suffer from a severe mental disease or defect such that he was unable to appreciate the nature of his actions at the time of the alleged bank robbery. After receiving the mental health evaluations, the Court held a competency hearing on October 31, 2011 and determined that Defendant was competent to proceed. (DE-64, DE-84).

Defendant now requests this Court order production and conduct an *in camera* review of certain records not considered by Dr. Pietz during her evaluation. In support of his motion, Defendant asserts that the documents "are necessary for a full and thorough determination of [his] mental status, both as to competency to proceed and as to possible responsibility for the crimes alleged in the indictment." Counsel for Defendant does not explain, however, why intervention by the Court is necessary to obtain the requested documents. Counsel nowhere asserts that he has attempted to subpoena the documents, or that it would be futile to do so. As a CJA appointed attorney, counsel has the ability to subpoena documents as necessary. Some of the documents Defendant seeks are juvenile court records, which, counsel asserts as a general matter "are by state law under seal and not available to counsel to obtain or review." Counsel cites no law for this proposition, and its accuracy is open to question. Section 7B-3000 of the North Carolina General Statutes governs juvenile court records and provides as follows:

> (a) The clerk shall maintain a complete record of all juvenile cases filed in the clerk's office to be known as the juvenile record. The record shall include the summons and petition, any secure or nonsecure custody order, any electronic or mechanical recording of hearings, and any written motions, orders, or papers filed in the proceeding.

> (b) All juvenile records shall be withheld from public inspection and, except as provided in this subsection, may be examined only by order of the court. Except as provided in subsection (c) of this section, the following persons may examine the juvenile's record and obtain copies of written parts of the record without an order of the court:
>
> (1) The juvenile or the juvenile's attorney;
>
> (2) The juvenile's parent, guardian, or custodian, or the authorized representative of the juvenile's parent, guardian, or custodian;
>
> (3) The prosecutor;
>
> (4) Court counselors; and
>
> (5) Probation officers in the Section of Community Corrections of the Division of Adult Correction of the Department of Public Safety, as provided in subsection (e1) of this section and in G.S. 15A-1341(e).
>
> Except as provided in subsection (c) of this section, the prosecutor may, in the prosecutor's discretion, share information obtained from a juvenile's record with magistrates and law enforcement officers sworn in this State, but may not allow a magistrate or law enforcement officer to photocopy any part of the record.
>
> (c) The court may direct the clerk to "seal" any portion of a juvenile's record. The clerk shall secure any sealed portion of a juvenile's record in an envelope clearly marked "SEALED: MAY BE EXAMINED ONLY BY ORDER OF THE COURT", or with similar notice, and shall permit examination or copying of sealed portions of a juvenile's record only pursuant to a court order specifically authorizing inspection or copying.

Thus, while juvenile court records are generally confidential and withheld from public inspection, the juvenile or the juvenile's attorney "may examine the juvenile's record and obtain copies . . . without an order of the court," unless the records have been sealed by

specific direction of the court. N.C. Gen. Stat. § 7B-3000(b); *see also* N.C. Gen. Stat. § 7B-2901(b) (providing that a juvenile, including a juvenile who has reached the age of eighteen, and the attorney for the juvenile may examine confidential DSS files without a court order); In re J.L., 199 N.C. App. 605, 608, 685 S.E.2d 11 (2009) (finding the trial court abused its discretion by denying the juvenile his right to examine his own records).

Counsel for Defendant does not assert that the juvenile court records have been placed under seal by the court, or that he has made any attempt whatsoever to obtain any of the documents he seeks to have this Court order produced. For these reasons, the motion for orders to produce (DE-152) is DENIED WITHOUT PREJUDICE. The motions to seal (DE-153, DE-159) are GRANTED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 2nd day of May, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE